**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 14-4417

UNITED STATES OF AMERICA,

  Plaintiff - Appellee,

v.

CONFESOR LLAMAS, a/k/a Confessor Llamas, a/k/a Confessor Llamos, III,

  Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. N. Carlton Tilley, Jr., Senior District Judge. (1:13-cr-00317-NCT-1)

Submitted: February 25, 2015          Decided: March 3, 2015

Before NIEMEYER, KING, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael E. Archenbronn, LAW OFFICE OF MICHAEL E. ARCHENBRONN, Winston-Salem, North Carolina, for Appellant. Graham Tod Green, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Confessor Llamas appeals his 110-month sentence imposed following his guilty plea to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2012). On appeal, Llamas's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious grounds for appeal but questioning whether the sentence is reasonable. Llamas has not filed a pro se supplemental brief despite being granted an extension of time to file. Finding no meritorious grounds for appeal, we affirm.

We review Llamas's sentence for reasonableness "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41, 51 (2007). This review entails appellate consideration of both the procedural and substantive reasonableness of the sentence. Id. at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, selected a sentence based on clearly erroneous facts, and adequately explained the selected sentence. Id. at 49–51.

If the sentence is free of "significant procedural error," we review it for substantive reasonableness, "taking into account the totality of the circumstances." Id. at 51. If

2

the sentence is within or below the properly calculated Guidelines range, we apply a presumption on appeal that the sentence is substantively reasonable. United States v. Louthian, 756 F.3d 295, 306 (4th Cir.), cert. denied, 135 S. Ct. 421 (2014). Such a presumption is rebutted only if the defendant shows "that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." Id.

In this case, the district court correctly calculated and considered the advisory Guidelines range, heard argument from counsel, and heard allocution from Llamas. The court adequately explained that the 110-month sentence was warranted in light of the nature and circumstances of Llamas's offense conduct and his history and characteristics. 18 U.S.C. § 3553(a). Although counsel questions whether the district court erred by not granting Llamas's request for a downward variance due to his history of drug addiction and mental health issues, the record is clear that the court properly considered these factors and adequately explained its reasons for not granting the variance. Llamas does not rebut the presumption of reasonableness accorded his within-Guidelines sentence, see United States v. Susi, 674 F.3d 278, 289 (4th Cir. 2012), and we therefore conclude that the sentence is reasonable.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for

3

appeal. We therefore affirm Llamas's conviction and sentence. This court requires that counsel inform Llamas, in writing, of the right to petition the Supreme Court of the United States for further review. If Llamas requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Llamas. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

4